IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

HENRY PRICE,                          *

    Plaintiff,                    *

vs.                                   *
                                         CASE NO. 4:10-CV-71 (CDL)
JACKSON NATIONAL LIFE INSURANCE       *
COMPANY,
                                     *

    Defendant.
                                         *

## O R D E R

Plaintiff filed his Complaint in the Superior Court of Stewart County, Georgia, seeking damages for breach of contract, fraud, and unjust enrichment. Notice of Removal Ex. A, Compl., ECF No. 1-2 at 7-11 [hereinafter Compl.]. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, contending that jurisdiction is proper under 28 U.S.C. § 1332. *See generally* Notice of Removal, ECF No. 1. Plaintiff timely filed his Motion to Remand pursuant to 28 U.S.C. § 1447(c), and that motion is presently pending before the Court. As discussed below, the Motion to Remand (ECF No. 11) is granted, and this action is remanded to the Superior Court of Stewart County, Georgia.

## FACTUAL ALLEGATIONS

Plaintiff alleges that Defendant issued a life insurance policy to him in 1985 and that Plaintiff paid monthly premiums to Defendant. It is undisputed that the face value of the insurance policy was

$75,000. Notice of Removal Ex. F, Insurance Policy 1, 4, ECF No. 1-7. Plaintiff contends that Defendant terminated the policy without cause or justification in March 2009. Compl. ¶ 7. Plaintiff represents that "all forms of damages sought by Plaintiff in this action do not exceed, either separately or aggregately, $74,5000." *Id.* ¶ 3. Plaintiff also asserts that he is entitled to consequential damages for breach of contract, *id.* ¶¶ 10-12; that he "has been made to suffer damages in the amount of coverage provided for under his policy of insurance" due to Defendant's fraud, *id.* ¶¶ 13-15; and that he is entitled to punitive damages "in an amount to be determined by the enlightened conscience of an impartial jury" and not capped by Georgia's punitive damages cap, *id.* ¶¶ 22-23.[1] Plaintiff prays for the following relief: "all sums due for Defendant['s] breach of contract," "all sums due for Defendant['s] fraud," and punitive damages against Defendant. *Id.* at 5. In Plaintiff's Motion to Remand, "Plaintiff expressly disclaims and does not seek any damages in excess of $74,500." Pl.'s Mot. to Remand 4, ECF No. 11. Plaintiff also represents that the proper measure of damages here is "wasted or lost premiums paid" rather than the amount of the policy. Pl.'s Reply in Supp. of Mot. to Remand 2, ECF No. 14.

---

[1] In general, under Georgia law, punitive damages in tort cases are capped at $250,000 unless the defendant acted with specific intent to cause harm. O.C.G.A. § 51-12-5.1(f), (g).

2

DISCUSSION

Removal to federal court is authorized if a case might have been brought in federal court originally. 28 U.S.C. § 1441. Here, Defendant bases federal jurisdiction upon diversity of citizenship, which requires diversity of citizenship between the parties and an amount in controversy exceeding $75,000. See 28 U.S.C. § 1332. Plaintiff admits that there is diversity of citizenship between the parties. Pl.'s Mot. to Remand 2. Plaintiff contends, however, that the amount in controversy requirement is not met.

Because Defendant removed this case to federal court, Defendant bears the burden of proving federal jurisdiction. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where a plaintiff has not pled a specific amount of damages, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* In contrast, where a plaintiff *has* sought a specific amount of damages that does not exceed the jurisdictional amount, the removing defendant "must prove to a legal certainty that plaintiff's claim must exceed [$75,000]." *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994). In other words, a removing defendant must prove that, if the plaintiff "prevails on liability, an award below the jurisdictional amount would be outside the range of permissible

3

awards because the case is clearly worth more than [$75,000]." *Id.* at 1096.

Here, Plaintiff expressly stated in his Complaint that "all forms of damages sought by Plaintiff in this action do not exceed, either separately or aggregately, $74,5000." Compl. ¶ 3. Plaintiff asserts that he is simply seeking "wasted or lost premiums paid" rather than the amount of the policy. Pl.'s Reply in Supp. of Mot. to Remand 2; *accord* Pl.'s Mot. to Remand 4 ¶ 5. Plaintiff further "expressly disclaims and does not seek any damages in excess of $74,500." Pl.'s Mot. to Remand 4.[2] Nonetheless, Defendant emphasizes that the *ad damnum* clause of the Complaint seeks "all sums" due for breach of contract and fraud. Defendant further notes that, under Georgia law, the measure of damages in a wrongful termination of life insurance case may, in some cases, be "the amount of the policy, less cost of carrying it to maturity had it remained in force" "if the insured is no longer an insurable risk." *Bankers' Health & Life Ins. Co. v. James*, 177 Ga. 520, 170 S.E. 357, 358 (1933) (per curiam). However, an insured who claims as his measure of damages the amount

---

[2]The Court presumes that Plaintiff's counsel "understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer." *Burns*, 31 F.3d at 1095.

4

of premiums paid plus interest may not also claim the amount of the policy, less the cost of carrying it to maturity. *Id.*

In light of Plaintiff's representations that "all forms of damages sought by Plaintiff in this action do not exceed, either separately or aggregately, $74,5000," Compl. ¶ 3, and that Plaintiff "expressly disclaims and does not seek any damages in excess of $74,500," Pl.'s Mot. to Remand 4, the Court cannot find that "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]." *Burns*, 31 F.3d at 1096. Therefore, the amount in controversy requirement is not met in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 11) is granted, and this action is remanded to the Superior Court of Stewart County, Georgia.

IT IS SO ORDERED, this 14th day of September, 2010.

                                              S/Clay D. Land
                                                  CLAY D. LAND
                                  UNITED STATES DISTRICT JUDGE